UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHERYL SHEFFIELD,<br>Plaintiff,<br><br>v.<br><br><br>COOKSON AMERICA, INC.<br>And JOELLEN OJEDA, ESQ.<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 06-179T |

**ANSWER**

Defendants, Cookson America, Inc. and JoEllen Ojeda, Esq. respond to the allegations set forth in the Complaint as follows:

1-2. Defendants admit the allegations set forth in paragraphs 1 and 2 of the Complaint.

3. Defendants deny the allegations set forth in paragraph 3 of the Complaint .

4. Defendants admit the allegations set forth in paragraph 4, except deny that Cookson was party to an employment contract with plaintiff.

5. Defendants admit the allegation set forth in paragraph 5 of the Complaint.

6-9. The allegations set forth in paragraphs 6, 7, 8 and 9 of the Complaint require no response.

10. Defendants admit the allegation set forth in paragraph 10 of the Complaint.

11. Defendants admit that plaintiff's duties, included, among others, the duties listed in paragraph 11 of the Complaint, deny the characterization of those duties as "routine," and affirmatively state that plaintiff had additional duties that she performed in her position.

12-14. Defendants deny the allegations set forth in paragraphs 12, 13 and 14 of the Complaint.

15-16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 15 and 16 of the Complaint.

17-19. Defendants deny the allegations set forth in paragraphs 17, 18 and 19 of the Complaint.

20. Defendants admit the allegation set forth in paragraph 20 of the Complaint.

21. Defendants admit the allegation that defendant Cookson had a policy of setting forth benefits similar to those provided by the Family and Medical Leave Act("FMLA"), but deny that plaintiff had any rights under the FMLA.

22. Defendants admit the allegation set forth in paragraph 22 of the Complaint.

23. Defendants admit the allegation that in or about June 2005, plaintiff informed defendants that she would likely require surgery, and deny the remaining allegations.

24. Defendants admit the allegation set forth in paragraph 24 of the Complaint.

25. Defendants deny the allegation set forth in paragraph 25 of the Complaint.

26. Defendants admit the allegations set forth in paragraph 26 of the Complaint that in or about July 2005 plaintiff informed defendant Ojeda that her surgery was scheduled for September 2005 and requested a medical leave of absence in order to undergo the surgery and subsequent recovery therefrom, deny the remaining allegations, and affirmatively state that plaintiff provided plaintiffs with a brief doctor's note dated September 8, 2005 which indicated that plaintiff needed to be out of work until September 16, 2005.

27. Defendants admit the allegations set forth in paragraph 27 of the Complaint, except deny them to the extent that the paragraph alleges that plaintiff had leave rights under the FMLA or Rhode Island Parental and Medical Leave Act.

28. Defendants admit the allegation set forth in paragraph 28 that plaintiff provided defendants with supporting medical documentation dated September 8 and September 16, 2005, but deny that allegation to the extent that it alleges that the documentation provided was adequate and/or complete.

29. Defendants admit the allegations set forth in paragraph 29 of the Complaint, and refer the Court to the document dated September 16, 2005 for a complete and accurate statement of it contents.

30. Defendants admit the allegations set forth in paragraph 30 that defendant Ojeda contacted plaintiff's physician by letter dated October 18, 2005, and deny the remaining allegations, and further state that plaintiff gave permission to defendants to contact her physician and provide a job description.

31. Defendants admit the allegations set forth in paragraph 31 of the Complaint.

32-33. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 32 and 33 of the Complaint.

34-36. Defendants deny the allegations set forth in paragraphs 34, 35 and 36 of the Complaint, and refer the Court to the correspondence dated October 20, 2005 for a complete and accurate statement of it contents.

37-39. Defendants deny the allegations set forth in paragraphs 37, 38 and 39 of the Complaint.

40. Defendants admit the allegation set forth in paragraph 40 of the Complaint.

41. Defendants admit the allegations set forth in paragraph 41 of the Complaint and affirmatively state that her request to take a vacation day was denied based on legitimate business reasons.

42. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint.

43. Defendants admit the allegations set forth in paragraph 43 of the Complaint.

44-45. Defendants deny the allegations set forth in paragraphs 44 and 45 of the Complaint, except admit the allegation that plaintiff advised defendant Ojeda that she was unable to come to work.

46. Defendants admit the allegations set forth in paragraph 46 of the Complaint that plaintiff could not take medication because of her upcoming surgery, and deny knowledge or information sufficient to form a belief as to whether her migraine continued and deny the remaining allegations.

47-48. Defendants admit the allegations set forth in paragraphs 47 and 48 of the Complaint.

49. Defendants admit the allegations set forth in paragraph 49 that defendant Ojeda issued plaintiff a written warning dated November 7, 2005, deny the remaining allegations and refer the Court to the document itself for a complete and accurate statement of its contents.

50. Defendants deny the allegations set forth in paragraph 50 of the Complaint, except admit that Plaintiff advised Ojeda that she had scheduled appointments for physical therapy.

51. Defendants admit the allegations set forth in paragraph 51 of the Complaint. Just appointments, not intermittent medical leave.

52-53. Defendants deny the allegations set forth in paragraphs 52 and 53 of the Complaint.

54. Defendants deny the allegations set forth in paragraph 54 of the Complaint, except admit that plaintiff submitted a written complaint to defendant Ojeda and Mr. Perry dated December 14, 2005, and refer the Court to the document itself for a complete and accurate statement of its contents.

55. Defendants admit the allegations set forth in paragraph 55 of the Complaint.

56. Defendants deny the allegations set forth in paragraph 56 of the Complaint.

57. Defendants admit the allegations set forth in paragraph 57 of the Complaint.

58-59. Defendants deny the allegations set forth in paragraphs 58 and 59 of the Complaint.

60. Defendants admit the allegations set forth in paragraph 60 of the Complaint.

61. Defendants admit the allegations that defendant Cookson paid plaintiff on a salary basis, and deny the remaining allegations.

62. Defendants deny the allegations set forth in paragraph 62 of the Complaint.

63. Defendants admit the allegations set forth in paragraph 63 of the Complaint and further state that plaintiff did not work in excess of 40 hours per week.

64-70. Defendants deny the allegations set forth in paragraph 64, 65, 66, 67, 68, 69 and 70 of the Complaint.

71. Defendants incorporate their responses to the allegations set forth in paragraphs 1 through 70 as if fully set forth herein.

72-81. Defendants deny the allegations set forth in paragraphs 72, 73, 74, 75, 76, 77, 78, 79, 80 and 81 of the Complaint.

First Defense

The Complaint fails to state a claim upon which relief can be granted.

Second Defense

Defendant is not covered under the FMLA or RIPFMLA as it does not employ more than 50 employees.

Third Defense

Plaintiff's condition did not substantially limit one or more of her major life activities and, therefore, does not constitute a "disability" under Rhode Island Civil Rights Act and Rhode Island Whistleblowers' Protection Act.

Fourth Defense

Plaintiff was not the subject of an adverse employment action.

Fifth Defense

All actions taken by defendants with respect to plaintiff's employment were taken in good faith, and for legitimate non-discriminatory reasons.

Sixth Defense

Defendant did not breach any contract with Plaintiff as no contract ever existed between the two. Defendant made no promise or representation to plaintiff regarding a guaranteed term of employment.

Seventh Defense

Plaintiff was properly classified as exempt under the Fair Labor Standards Act.

## Eighth Defense

Defendants' actions were taken in good faith, and in conformity with and in reliance on a written administrative regulation, order, ruling, approval, or interpretation of the Administrator of the Wage and Hour Division of the Department of Labor.

## Ninth Defense

Defendants' actions were taken in good faith and with reasonable grounds for believing that they were not in violation of the Fair Labor Standards Act.

## Tenth Defense

Plaintiff cannot assert a private right of action under the Rhode Island Minimum Wage Act.

## Eleventh Defense

Plaintiff abandoned her position with Defendant.

## Twelfth Defense

The complaint is barred, in whole or in part, by the applicable statutes of limitations.

## Thirteenth Defense

The complaint is barred, in whole or in part, by the doctrines of waiver, estoppel and laches.

## Fourteenth Defense

Plaintiff has failed, and continues to fail, to mitigate her damages.

## Fifteenth Defense

Plaintiff's regular work week consisted of 37.5 hours. Although plaintiff at times worked hours in excess of the scheduled 37.5 hours, she never worked in excess of forty (40) hours in any work week.

Sixteenth Defense

Pursuant to the Cookson's short term disability policy, defendants were within their rights to contact plaintiff's physician in order to determine whether she qualified for payment under that policy.

COOKSON AMERICA, INC. and
JOELLEN OJEDA

By their attorneys,

NIXON PEABODY LLP

Neal J. McNamara (#4249)
One Citizens Plaza
5th Floor
Providence, RI 02903
Tel. (401) 454-1000
Fax. (401) 454-1030

DATED: May 2, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that I mailed a true and accurate copy of the within Answer to Louise Herman, Esq., 129 Dyer Street, Providence, RI 02903, via regular mail, postage prepaid on this 2d day of May, 2006.