**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CHERYL SHEFFIELD,** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | **C.A. No. 06-179T** |
| **COOKSON AMERICA, INC. and** | : | |
| **JO ELLEN OJEDA,** | : | |
| **Defendants** | : | |

## AMENDED COMPLAINT

### I. Introduction

This is an action brought by the Plaintiff, Cheryl Sheffield, seeking declaratory and injunctive relief, attorney's fees and litigation expenses and other equitable relief, including back pay, as well as compensatory and liquidated damages to remedy the unlawful discrimination in employment the Plaintiff suffered in violation of the Rhode Island Whistleblowers' Protection Act ("RIWPA"), R.I.G.L. §28-50-1, *et seq*. and the Rhode Island Civil Rights Act ("RICRA"), R.I.G.L. §42-112-1, *et seq*. and arising out of the unlawful failure to pay wages due and overtime compensation due Plaintiff in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., the Rhode Island Minimum Wage Act ("RIMWA"), R.I.G.L. §28-12-1, *et seq*., the Rhode Island Payment of Wages Act ("RIPWA"), R.I.G.L. §28-14-1, *et seq.* as well as the unlawful interference with her statutory right to medical leave and unlawful interference with inquiries regarding her medical leave rights in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601, et seq., the Rhode Island Parental and Family Medical Leave Act, R.I.G.L. §28-48-2 ("RIPFMLA") and common law.

### II. Parties

1. The Plaintiff, Cheryl Sheffield is a resident of the Town of Seekonk, County of Bristol, Commonwealth of Massachusetts.

2. Defendant Cookson America, Inc. ("Cookson") is a corporation duly organized and incorporated pursuant to the laws of the State of Delaware, with a principal place of business in Providence, Rhode Island.

3. At all times relevant hereto, Cookson, including its subsidiaries, met the requisite numerosity requirement for employees provided in the FMLA, 29 U.S.C. §2601, *et seq*. and the RIPFMLA, R.I.G.L. §28-48-2.

4. At all relevant times, Defendant Cookson was engaged in the stream of interstate commerce, and was Plaintiff's employer within the meaning of 29 U.S.C. §203(d), R.I.G.L. §28-12-2 and §28-14-1 and was a party to an employment contract with the Plaintiff pursuant to the RICRA, R.I.G.L. §42-112-1.

5. Defendant Jo Ellen Ojeda ("Ojeda"), was, at all relevant times herein, employed by Defendant Cookson as its Vice President, General Counsel and Plaintiff's immediate supervisor.

## III. Jurisdiction

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1367, 2201 and 2202 and 29 U.S.C. §216(b).

7. This Court has jurisdiction over the Plaintiff's claims under the RICRA pursuant to R.I.G.L. §42-112-2.

8. The monetary amount claimed herein is sufficient to establish the jurisdiction of the Superior Court.

## IV. Venue

9. Venue is proper in this Court in accordance with R.I.G.L. §9-4-3 insofar as the alleged unlawful employment practices occurred in the County of Providence, State of Rhode Island

and both Defendants have their principal places of business in the County of Providence, State of Rhode Island.

## V. Allegations Common to All Causes of Action

10. In or about May, 2002, Plaintiff was hired by Defendant Cookson as a Legal Assistant/Paralegal.

11. During all relevant times herein, Plaintiff's duties primarily consisted of routine administrative and paralegal functions, including preparing case summaries, maintaining a database, assisting with discovery, conducting legal research, filing, distributing mail, preparing routine correspondence and billing and other routine administrative and/or paralegal functions.

12. During all relevant times herein, Plaintiff did not possess an advanced specialized academic degree in the field of paralegal studies.

13. Throughout her employment at Defendant Cookson, Plaintiff's work performance met Defendants legitimate business expectations.

14. Upon information and belief, Defendant Cookson employed fifty (50) or more employees in twenty (20) or more workweeks in the calendar years 2004 and/or 2005.

15. During all relevant times herein, Plaintiff suffered from a serious and chronic health condition; namely osteo-arthritis.

16. The Plaintiff's osteo-arthritis is an impairment within meaning of the RICRA.

17. The Plaintiff's impairment constitutes a disability within the meaning of the RICRA in that it is either permanent or of a long-term duration and substantially limits a number of the Plaintiff's major life activities.

18. During all relevant times herein, Defendants knew that the Plaintiff suffered from osteo-arthritis.

19. During all relevant times herein, Defendants regarded Plaintiff as disabled.

20. That during all relevant periods, the Plaintiff had the ability to perform the essential functions of her position with or without a reasonable accommodation.

21. During all relevant times herein, Defendant Cookson had a written FMLA policy.

22. During all relevant times herein, Defendant Cookson distributed a written FMLA policy to Defendant Cookson employees.

23. Beginning in or about June, 2005, Plaintiff notified Defendants that because her medical condition had deteriorated, her physician informed her that she would likely require surgery.

24. As such, Plaintiff advised Defendants that in order to undergo the surgery and recovery therefrom, she would require a medical leave of absence.

25. In response to Plaintiff's request for a medical leave of absence, Defendant Ojeda notified Plaintiff that she was to postpone the commencement of her medical leave of absence until August, 2005.

26. In or about July, 2005, Plaintiff informed Defendant Ojeda that her surgery was scheduled for September 7, 2005 and properly requested a medical leave of absence in order to undergo the surgery and subsequent recovery therefrom. Plaintiff provided Defendants with supporting medical documentation, dated September 2, 2005.

27. By letter dated September 6, 2005, Defendants advised Plaintiff that she was entitled to medical leave pursuant to the FMLA. In addition, Defendants provided Plaintiff with written notice entitled "Family Medical Leave Act (FMLA) Benefit Summary For: Cheryl Sheffield" dated September 5, 2005, wherein Defendants advised Plaintiff that her FMLA leave was to commence on September 7, 2005 and would continue until December 7, 2005. In addition, Defendants requested a note from Plaintiff's physician disabling Plaintiff from performing her job and providing an approximate date of her return to work.

28. Plaintiff promptly provided Defendants with supporting medical documentation dated September 8, 2005 and September 16, 2005.

29. The medical documentation dated September 16, 2005 provided that Plaintiff required a medical leave of absence from Defendant Cookson until November 1, 2005.

30. Nevertheless, by letter dated October 18, 2005, Defendant Ojeda contacted Plaintiff's physician, urging him to approve Plaintiff's return to work as of October 24, 2005.

31. Furthermore, Defendant Ojeda submitted a list of specific questions concerning the nature of Plaintiff's medical condition to Plaintiff's physician and requested that Plaintiff's medical provider provide her with written responses thereto.

32. Upon becoming aware of the substance of Defendant Ojeda's communications with Plaintiff's physician, Plaintiff contacted the United States Department of Labor and reported Defendants' actions.

33. Plaintiff was advised by a DOL representative that Defendants' actions were in fact, violations of her rights under the FMLA.

34. By written correspondence to Defendant Ojeda, Barbara Lang, Cookson's Human Resource representative, and Arnie Perry, Cookson's Vice President of Benefits, dated October 20, 2005, Plaintiff complained about Defendants unlawful interference with her right to medical leave.

35. Plaintiff also informed Defendant Ojeda, Ms. Lang and Mr. Perry that she contacted the United States Department of Labor ("DOL") and reported what she reasonably believed to be Defendants' unlawful conduct in connection with her right to medical leave.

36. Plaintiff further advised Defendant Ojeda, Ms. Lang and Mr. Perry that the DOL representative had confirmed that Defendants' actions were, in fact, violations of her rights under the FMLA.

37. The following day, on or about October 21, 2005, Defendants advised Plaintiff that they were very concerned that Plaintiff had notified the DOL and that, as a result, Plaintiff's continued employment at Defendant Cookson was in jeopardy.

38. On information and belief, Defendant Ojeda advised Ms. Lang that she was concerned about the fact that Plaintiff was in contact with the DOL and stated that Plaintiff's communications with the DOL "raise the issue as to whether [Defendant Ojeda] can return [Plaintiff] to a position of trust."

39. Upon information and belief, Defendant Ojeda advised Ms. Lang and Mr. Perry that, due to Plaintiff's contacts with the DOL, Defendant Ojeda "seriously question[s] whether Cookson can take the risk of employing [Plaintiff]…"

40. In addition, approximately one (1) month in advance, Plaintiff requested permission to take a vacation day on September 6, 2005, the day immediately preceding her surgery.

41. Despite that fact that Plaintiff had accrued vacation time and despite the fact that she requested the vacation day approximately one (1) month in advance, Defendant Ojeda denied Plaintiff's request.

42. On September 6, 2005, Plaintiff awoke with a severe migraine headache.

43. Plaintiff promptly and properly advised Defendant Ojeda that she was suffering from symptoms of a severe migraine and that, as a result, she was too ill to come to work at that time.

44. Nevertheless, Plaintiff advised Defendant Ojeda that, should her symptoms subside, she would make every effort to come to work later that day.

45. Plaintiff further advised Defendant Ojeda that she would again contact Defendant Ojeda to advise Defendant Ojeda of the status of her physical condition and whether or not she was physically able to come to work that day.

46. Plaintiff's migraine continued unabated and as such, Plaintiff advised Defendant Ojeda that she remained physically unable to come to work. Plaintiff further advised Defendant Ojeda that due to her upcoming surgery, her doctor had ordered her to abstain from taking pain relief medication.

47. The following day, September 7, 2005, Plaintiff underwent the scheduled surgery and recovery therefrom.

48. On or about November 7, 2005, Plaintiff returned to work at Defendant Cookson.

49. Upon Plaintiff's return from her medical leave, Defendant Ojeda issued Plaintiff a written warning, dated November 7, 2005, purportedly due to "performance issues/attitude." In addition, upon information and belief, the written warning referenced Plaintiff's communications with the DOL.

50. Upon Plaintiff's return to work, Plaintiff advised Defendant Ojeda that due to her medical condition, she required intermittent medical leave in order to undergo physical therapy.

51. Plaintiff advised Defendant Ojeda of the specific dates and times of the scheduled physical therapy treatment.

52. Defendant Ojeda refused to allow Plaintiff to undergo physical therapy as scheduled and required Plaintiff to reschedule her appointments.

53. In addition, Defendant Ojeda required Plaintiff to reschedule her physical therapy appointments outside normal working hours.

54. By written memorandum dated December 14, 2005, Plaintiff submitted a written complaint to Defendant Ojeda and Mr. Perry, wherein she complained about the ongoing and

continuing discriminatory and retaliatory action taken against her by Defendants on account of her need for medical leave and on account of her prior complaints of unlawful conduct.

55. On or about December 21, 2005, Plaintiff met with Defendant Ojeda and Allan MacDonald who, upon information and belief, was employed by Cookson Electronics, Inc. as the Vice President of Human Resources.

56. At that meeting, Plaintiff was advised that her employment at Defendant Cookson was terminated, effective immediately.

57. Throughout Plaintiff's employment at Defendant Cookson, Plaintiff was paid on a salary basis.

58. At times during Plaintiff's employment at Defendant Cookson, Plaintiff worked in excess of forty (40) hours per week.

59. Throughout Plaintiff's employment at Defendant Cookson, Defendants failed to pay Plaintiff any overtime compensation for time worked in excess of forty (40) hours per week.

60. Beginning in or about early 2004, Defendant Ojeda instructed Plaintiff to submit weekly time sheets, describing the number of hours Plaintiff worked per week at Defendant Cookson.

61. Nevertheless, despite the number of hours Plaintiff worked at Defendant Cookson, Defendant Cookson continued to pay Plaintiff on a salary basis and failed to pay Plaintiff overtime compensation for any time worked in excess of forty (40) hours per week.

62. In or about late 2004, Defendant Ojeda required Plaintiff to stop submitting weekly time sheets and to no longer keep track of her work hours at Defendant Cookson.

63. Throughout Plaintiff's employment at Defendant Cookson, Plaintiff was never paid overtime compensation for any hours worked in excess of forty (40) hours.

64. On information and belief, the Plaintiff experienced discrimination in the terms and conditions of her employment due to her disability and/or because Defendants perceived or regarded the Plaintiff as disabled.

65. On information and belief, Defendants interfered with Plaintiff's statutory right to medical leave.

66. On information and belief, Defendants retaliated against the Plaintiff for engaging in protected activity, namely for exercising her statutory right to reasonable accommodations, for exercising her statutory right to medical leave and for thereafter asserting statutory employment law claims.

67. On information and belief, Defendants retaliated against the Plaintiff for reporting to her employer and for reporting and/or about to report to a public body what she knew or reasonably believed to be violations of state and federal law.

68. Defendants' unlawful discriminatory actions and/or omissions are in violation of the FMLA, the FLSA, the RIPFMLA, the RIMWA, the RIWPA and the RICRA and were motivated by malice and ill will toward the Plaintiff, and the Defendants' actions were taken with reckless and callous indifference to the statutorily protected rights of the Plaintiff.

69. As a direct and proximate result of Defendants' discriminatory conduct, the Plaintiff has suffered severe emotional distress.

70. As a proximate result of Defendants' discriminatory acts and/or omissions, including but not limited to those described herein, the Plaintiff has suffered and will continue to suffer loss of income, severe mental and physical anguish, pain and suffering, loss of enjoyment of life, and other great harm.

## VII. Claims for Relief

71. Plaintiff incorporates the allegations contained in ¶¶1 through 70 above in the counts set forth below.

### Count One
### 29 U.S.C. §2601, et. seq.
### The Family and Medical Leave Act of 1993

72. Defendants, by their acts and/or omissions, including but not limited to those described herein, interfered with, restrained and denied the exercise of Plaintiff's statutory rights in violation of the FMLA, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the FMLA.

### Count Two
### 29 U.S.C. §2601, et. seq.
### The Family and Medical Leave Act of 1993

73. Defendants, by their acts and/or omissions, including but not limited to those described herein, discriminated against Plaintiff for opposing practices in violation of the FMLA, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the FMLA.

### Count Three
### 29 U.S.C. §207
### The Fair Labor Standards Act

74. Defendants, by their acts and/or omissions, including but not limited to those described herein, violated the FLSA by failing or refusing to pay Plaintiff overtime compensation for all work in excess of forty (40) hours performed in any one workweek, thereby causing Plaintiff to suffer damages as aforesaid, for which she is entitled to relief pursuant to 29 U.S.C. §216.

**Count Four**
**29 U.S.C. §215**
**The Fair Labor Standards Act**

75. Defendants, by their acts and/or omissions, including but not limited to those described herein, violated the FLSA by retaliating against Plaintiff because Plaintiff had filed a compliant under or related to the FLSA, thereby causing Plaintiff to suffer damages as aforesaid, for which she is entitled to relief pursuant to 29 U.S.C. §216.

**Count Five**
**R.I.G.L. §28-50-1, *et seq.***
**The Rhode Island Whistleblowers' Protection Act**

76. Defendants, by their acts and/or omissions, including but not limited to those described herein, discriminated against the Plaintiff because she reported what she reasonably believed to be violations of laws, rules and/or regulations of federal and/or state laws.

**Count Six**
**R.I.G.L. §28-48-2 et. seq.**
**Rhode Island Parental and Family Medical Leave Act**

77. Defendants, by their acts and/or omissions, including but not limited to those described herein, discriminated against the Plaintiff and violated her statutory rights in violation of the RIPFMLA, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the RIPFMLA.

**Count Seven**
**R.I.G.L. §28-12-1, *et seq.***
**The Rhode Island Minimum Wage Act**

78. Defendants, by their acts and/or omissions, including but not limited to those described herein, violated the RIMWA by failing or refusing to pay Plaintiff overtime compensation for all work in excess of forty (40) hours performed in any one workweek, thereby causing Plaintiff to suffer damages as aforesaid, for which she is entitled to relief pursuant to R.I.G.L. §§28-12-19, 28-14-18.1 and 28-14-18.2.

**Count Eight**
**R.I.G.L. §28-14-18**
**The Rhode Island Minimum Wage Act**

79. Defendants, by their acts and/or omissions, including but not limited to those described herein, violated the RIMWA by discriminating against Plaintiff because Plaintiff reported and/or was about to report violations of the RIMWA and/or what Plaintiff reasonably believed to be violations of the RIMWA, thereby causing Plaintiff to suffer damages as aforesaid, for which she is entitled to relief pursuant to R.I.G.L. §§28-12-19, 28-14-18.1 and 28-14-18.2.

**Count Nine**
**R.I.G.L. §42-112-1, et seq.**
**The Rhode Island Civil Rights Act**

80. Defendants, by their acts and/or omissions, including but not limited to those described herein, constitute unlawful discrimination against Plaintiff in employment on account of her disability or because Defendants regarded her as disabled insofar as said actions resulted in the termination of an employment contract and the loss of benefits, privileges terms and conditions of a contractual relationship existing between the Plaintiff and Defendant Cookson in violation of the Civil Rights Act of 1990, R.I.G.L. §42-112-1, et seq., causing Plaintiff to suffer damages as aforesaid, and thereby deprived Plaintiff of rights secured under the Civil Rights Act of 1990.

**Count Ten**
**Breach of Contract**

81. Defendants, by their acts and/or omissions, including but not limited to those set forth above, breached a contractual agreement entered into with the Plaintiff, thereby causing Plaintiff to sustain damages as aforesaid.

**Count Eleven**
**Equitable Estoppel**

82. Defendants, by their acts and/or omissions, including but not limited to those set forth above, are estopped to deny that Plaintiff was entitled to statutory protections set forth of the FMLA and RIPFMLA.

## VIII. Prayers for Relief

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment:

a. Declaring the acts and practices complained of herein as being in violation of The Family and Medical Leave Act, the Fair Labor Standards Act, The Rhode Island Minimum Wage Act, The Rhode Island Whistleblower's Protection Act and the Rhode Island Civil Rights Act.

b. Enjoining and permanently restraining the Defendants from violating The Family and Medical Leave Act, the Fair Labor Standards Act, The Rhode Island Minimum Wage Act, The Rhode Island Whistleblower's Protection Act and the Rhode Island Civil Rights Act as they relate to the Plaintiff.

c. Directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's future employment opportunities.

d. Awarding the Plaintiff back pay and lost benefits and otherwise make her whole for all the earnings she would have received but for Defendants' unlawful acts and discriminatory treatment, including, but not limited to, wages, and employment benefits.

e. Awarding the Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other personal losses.

f. Awarding the Plaintiff punitive damages for the Defendants' intentional, malicious, and reckless violation of the Rhode Island Civil Rights Act.

g. Awarding the Plaintiff liquidated damages pursuant to 29 U.S.C. §216(b).

h. Awarding the Plaintiff liquidated damages pursuant to 29 U.S.C. §2617(a).

i. Awarding the Plaintiff interest, reasonable attorney's fees and costs.

j. Granting such other and further relief as this Honorable Court deems just and proper.

## IX. **Demand for Jury Trial**

Plaintiff hereby demands a trial by jury on all counts so triable.

## X. **Designation of Trial Counsel**

Plaintiff hereby designates Louise A. Herman, Esquire, as trial counsel.

PLAINTIFF
By her attorney,
LAW OFFICE OF LOUISE A. HERMAN

/S/ Louise A. Herman
Louise A. Herman (#6430)
129 Dyer Street
Providence, RI 02903
(401) 277-4110
(401) 421-0964 (fax)

Dated: December 12, 2006